IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:10-CV-02064-RLV-AJB** |
| **v.** : | |
| : | |
| **TERRY CYRUS,** : | |
| : | |
| **Defendant.** : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/82)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this   15th   day of   July  , 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:10-CV-02064-RLV-AJB** |
| v. : | |
| : | |
| **TERRY CYRUS,** : | |
| : | |
| Defendant. : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's application to proceed *in forma pauperis*, [Doc. 1], and Defendant's *pro se* notice of removal, (*see* Petition for Removal and Notice of Removal in Doc. 1). For the reasons set forth herein, the undersigned **GRANTS** Defendant's request to proceed *in forma pauperis* ("IFP") for these proceedings only, but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Douglas County, Georgia.

*Introduction*

In the Magistrate Court of Douglas County, Wells Fargo Bank, ("Bank") filed a dispossessory proceeding against Terry Cyrus, ("Defendant" or "Cyrus") on June 1, 2010 (*See* Dispossessory Action attached to Notice of Removal in Doc. 1). On July 2,

AO 72A
(Rev.8/8
2)

2010, Defendant, proceeding *pro se*, submitted a notice of removal of the Bank's dispossessory action from the Douglas County Magistrate Court along with an affidavit to proceed *in forma pauperis*. [*See* Doc. 1]. As a basis for removal, Defendant claims that the dispossessory proceedings violated the following laws: (1) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); (2) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* ("FDCPA"); (4) Rule 60 of the Federal Rules of Civil Procedure ("FED. R. CIV. P. 60"); and (5) the due process clause of the Fourteenth Amendment of the United States Constitution. (*See* Notice of Removal in Doc. 1). The undersigned first turns to Defendant's request to proceed *in forma pauperis* before examining whether Cyrus is authorized to remove the Magistrate Court case to federal court.

## *Discussion*

   A.   *Defendant's Application to Proceed In Forma Pauperis*

Defendant's application to proceed *in forma pauperis* indicates that Cyrus is unemployed and has no sources of income. Defendant states that he does not own a home, but he owns other real estate valued at $299,000. Cyrus also owns a 2004 Jaguar, which he values at $8,000. Defendant does not own a bank account, and he has

no cash on hand. Defendant makes $4,029.33 in monthly payments as follows: (1) $2,336 for mortgage; (2) $600 for utilities; (3) $200 for food; (4) $300 for clothing; (5) $160 for laundry and dry cleaning; (6) $100 for transportation; and (7) $333.33 for car payments. [*See* Doc. 1].

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of

---

[1] Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

3

costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).[2] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

The Court does not understand how Defendant can make the monthly payments set out in the *in forma pauperis* application if he is unemployed, has no sources of income and no cash on hand. Defendant is reminded that submission of a false financial affidavit in this Court can result in a host of sanctions, including prosecution for perjury or false statement. Nonetheless, because Defendant's removal to this Court clearly was improper and further delay impedes the efficient administration of justice

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

in this Court and the Magistrate Court of Douglas County, the Court **GRANTS** Defendant's request to proceed *in forma pauperis* **for these proceedings only**. Defendant is advised that his filing another similarly questionable affidavit will result in a referral of the affidavit to federal law enforcement officials for criminal investigation.

The Court next turns to whether Defendant improvidently removed the Magistrate Court action to the United States District Court for the Northern District of Georgia.

### B.   *Defendant's Removal*

A defendant may remove a case from State to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A district court lacks subject matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims." *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am.*

5

*Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant appears to seek removal of the Magistrate Court case on the following grounds: (1) RESPA; (2) TILA; (3) FDCPA; (4) FED. R. CIV. P. 60; and (5) the due process clause of the Fourteenth Amendment of the United States Constitution. (*See* Notice of Removal in Doc. 1). Before examining whether these grounds provide a basis for removal, the undersigned first examines whether the Court has diversity jurisdiction.

### 1. Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-State plaintiff may invoke diversity jurisdiction in a federal court that sits in the State where

6

the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-State party defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "part[y] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The Court concludes that Defendant cannot show diversity jurisdiction for two reasons. First, Defendant cannot meet the amount in controversy requirement. As a District Judge in the Northern District of Georgia has held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

7

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, *2 (N.D. Ga. Jan. 29, 2008).  As a result, Defendant cannot meet the amount in controversy requirement in this dispossessory proceeding.

Second, even if Defendant could establish the amount in controversy requirement, the Court finds that § 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia, which is the State where the Bank's dispossessory proceeding was brought. Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff Bank brought the dispossessory action in Georgia.  *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio Magistrate Court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the parties were citizens of the forum state).

Therefore, the Court finds that removal is not proper on the basis of diversity of citizenship.

8

### 2. *Federal Question*

A federal question exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 530-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing Defendant bears the burden of proving a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). For the reasons below, the Court finds that Defendant's five bases for removal - - FDCPA, TILA, RESPA, FED. R. CIV. P. 60, and the Fourteenth Amendment - - do not demonstrate that the Court has federal question jurisdiction over the dispossessory action.

First, the Court concludes that the FDCPA does not provide a basis for removal of the Bank's dispossessory action. "The FDCPA was designed to protect consumers

9

from the 'abusive, deceptive and unfair debt collection practices' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015, 1018 (E.D. Mo. 2007). There is no indication that the Bank pleaded a claim under the FDCPA in its state court dispossessory action. Indeed, it does not make sense that the Bank would have raised the FDCPA as a basis for dispossessing Defendant from the residence because the Bank's actions are a result of another's debt, so the Bank would not seek protection from collecting the debt. Instead, Defendant's reliance on the FDCPA is only a defense. *See Wells Fargo Bank, N.A. v. Ricotta*, No. 06-cv-1702, 2006 WL 2548339, *1 (D. Colo. Aug. 31, 2006) ("The Defendant's conclusory and uncited assertion that an attempt to foreclose somehow implicates the Fair Debt Collection Practices Act is, at best, an indication that the Defendant intends to assert a federal-law defense or counterclaim to the state-law foreclosure proceeding."). A defense to civil action does not provide a basis for removal. *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal). As a result, the Court finds that Defendant has not shown that a federal question exists to permit removal of Plaintiff's dispossessory action by citing to the FDCPA.

Second, TILA and RESPA, like the FDCPA, do not provide the Court with original jurisdiction over the Bank's dispossessory action. The magistrate court

10

dispossessory complaint does not reference TILA or RESPA on its face. Instead, Defendant argues that the foreclosure violated TILA and RESPA, indicating that Defendant seeks to use TILA and RESPA as defenses. By citing to TILA and RESPA to defend against dispossession, Defendant has not provided a basis for removing the dispossessory action. *See Acker*, 527 U.S. at 431; *see also Homesales, Inc. v. Frierson*, No. 08-cv-8607, 2009 WL 365663, \*2 (C.D. Cal. Feb. 11, 2009) (remanding case where defendant alleged RESPA and TILA violations as a defense to a detainer action); *United States Nat'l Ass'n v. Almanza*, No. 1:09-cv-28 AWI DLB, 2009 WL 161082, \*2 (E.D. Cal. Jan. 22, 2009) ("Because the RESPA and TILA *defenses* are insufficient to create federal question jurisdiction, and because no federal question appears within Plaintiff's complaint, Defendants' notice of removal does not show that removal was appropriate[.]").

Third, FED. R. CIV. P. 60 does not provide a basis for removal on federal question grounds for two reasons. First, the magistrate court dispossessory complaint does not refer to Rule 60, indicating that Plaintiff's dispossessory action does not arise under this Rule. Second, even if the dispossessory proceeding made reference to Rule 60, this Rule would not provide the Court with federal question jurisdiction. As a rule of federal procedure, FED. R. CIV. P.60 does not provide any substantive rights. It is

11

merely a procedural rule, so Plaintiff's lawsuit could not arise under Rule 60. *See Whitaker & Co. v. Sewer Imp. Dist. No. 1 of Dardanelle, Ark.*, 221 F.2d 649, 652 (8th Cir. 1955) (describing the Federal Rules of Civil Procedure as "adjective" and stating that "[s]ubstantive rights are not determined by these Rules"); *Transwestern Pipeline Co., LLC v. 9.32 Acres, More or Less, of Permanent Easement Located in Maricopa County*, 544 F. Supp. 2d 939, 945 (D. Ariz. 2008) ("It is well recognized that the federal rules of civil procedure are just that, and cannot be used to abridge, enlarge or modify substantive rights."); *State Police for Automatic Retirement Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001) ("[T]he Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue.").

Finally, the Court concludes that the United States Constitution does not provide a basis for removing the Bank's dispossessory proceeding. First, the face of Plaintiff's dispossessory action does not refer to the Fourteenth Amendment, indicating that the action did not arise under federal law. *See Acker*, 527 U.S. at 530-31. Second, it appears that Defendant's argument concerning the Fourteenth Amendment is a defense or counterclaim to Plaintiff's dispossessory action. "[I]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,' " so Defendant cannot remove the dispossessory action based on the Fourteenth

12

Amendment. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (affirming award of attorney's fees for improvident removal where defendants claimed in part that removal of default and foreclosure action was based on violation of due process clauses of the Fifth and Fourteenth Amendments); *Wachovia Bank, N.A. v. Ellison*, No. 1:07-cv-18, 2007 WL 1140437, *1 (M.D.N.C. Apr. 17, 2007) (finding that court did not have subject matter jurisdiction over removed foreclosure action and that "[a]ll of the constitutional claims raised by Defendant exist[ed] as defenses to Plaintiff's action against him and are distinctly absent from the original complaint"); *Cendant Mortg. Corp. v. Clemmer*, No. 5:05-cv-4068, 2005 WL 2455577, *2 (D. Kan. Oct. 5, 2005) (finding that notice of removal alleging violation of due process did not provide a court with subject matter jurisdiction over state court foreclosure action because "[r]emoval cannot be predicated on allegations contained in defendants' notice of removal or subsequent documents" and federal defenses do not provide a basis for removal). The Court therefore concludes that the Fourteenth Amendment does not provide a basis for removal.

Accordingly, the Court finds that because Defendant has no legitimate basis to remove Plaintiff's dispossessory action to federal court under federal question or

13

diversity jurisdiction, the case should be **REMANDED** to the Magistrate Court of Douglas County, Georgia.

*Conclusion*

For the aforementioned reasons, the Court **GRANTS** Defendant's application to proceed *in forma pauperis* for these proceedings only, [Doc. 1], but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Douglas County, Georgia, because the Court lacks original jurisdiction over the magistrate court dispossessory proceedings.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this 15th day of July, 2010.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**